OPINION
PER CURIAM.
Robert Middleton, proceeding pro se, appeals the District Court’s order granting summary judgment in favor of the Commissioner of Social Security (“Commissioner”) in this disability insurance benefits case. For the reasons that follow, we will affirm.
I.
Because the background of this case is familiar to the parties, we discuss it only briefly here. In June 2001, Middleton applied for Social Security Disability Insurance benefits (“SSDI”), claiming that he had been disabled since May 24, 1995, due to, inter alia, conversion disorder and anxiety.[1] After his application was denied ini *601 tially and on reconsideration, he requested a hearing before an Administrative Law Judge (“ALJ”). ALJ Steven Slahta held such a hearing in December 2003 and subsequently issued a decision denying Middleton’s application. In March 2006, the Appeals Council denied Middleton’s request to review the ALJ’s decision.
In May 2006, Middleton filed a complaint in the District Court, seeking judicial review of the ALJ’s decision. The court ultimately remanded the case, directing the ALJ to address four issues not sufficiently considered in his original analysis. On remand, a different ALJ — the Honorable George A. Mills, III — held a supplemental hearing and addressed the issues identified by the District Court. In November 2007, ALJ Mills issued an opinion denying Middleton’s application. The ALJ concluded that, although Middleton had a history of pseudo-seizures and had suffered from major depressive disorder and generalized anxiety disorder during the relevant time period, he “was capable of making a successful adjustment to other work that existed in significant numbers in the national economy.” (ALJ Opinion of Nov. 15, 2007, at 15.)
After the Appeals Council denied Middleton’s request for review of ALJ Mills’ decision, Middleton sought review in the District Court. In March 2009, Middleton and the Commissioner filed competing motions for summary judgment. On May 6, 2009, the District Court granted summary judgment in favor of the Commissioner. Middleton now appeals from that order.
II.
We have jurisdiction pursuant to 42 U.S.C. § 405(g) and 28 U.S.C. § 1291. Although “we exercise plenary review with respect to the order for summary judgment, our review of the ALJ’s decision is more deferential as we determine whether there is substantial evidence to support [it].” Knepp v. Apfel, 204 F.3d 78, 83 (3d Cir.2000). “Substantial evidence ‘does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.’” Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir.1999) (quoting Pierce v. Underwood, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988)). If the substantial evidence supports the ALJ’s findings, “we are bound by those findings, even if we would have decided the factual inquiry differently.” Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir.2001).
Having reviewed the administrative record, we agree with the District Court that ALJ Mills’ decision is supported by substantial evidence. In his informal brief, Middleton appears to argue that ALJ Mills neglected to consider his anxiety, depression, and paranoia. This argument is belied by the record. Middleton also appears to argue that the ALJ downplayed the importance of the disability ratings he received from the Veterans Administration (“VA”). Yet for the reasons given by the District Court, we agree that the ALJ did not err in affording the VA’s disability ratings only limited weight in evaluating Middleton’s application. Middleton’s remaining arguments fail as well.[2]
Accordingly, we will affirm the District Court’s May 6, 2009 order granting sum *602 mary judgment in favor of the Commissioner.

. Middleton subsequently amended his application to change the alleged onset of his disability to May 15, 2001.

. Middleton has waived his bald discrimination claim, for he did not raise it in the proceeding before the District Court. See Med. Protective Co. v. Watkins, 198 F.3d 100, 105 n. 3 (3d Cir.1999). Moreover, to the extent he criticizes the current state of SSDI generally and advocates changes to the system, those issues are outside the scope of this appeal.